IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 
F.V., a minor suing by and through ) 
his natural Mother and next friend ) 
AMBER VARGAS, and AMBER ) 
VARGAS, individually, ) 
 ) 
 Plaintiffs, ) 
 ) 
 v. ) CASE NO. 2:20-CV-142-WKW 
 ) [WO] 
RANDOLPH COUNTY BOARD OF ) 
EDUCATION; RANDOLPH ) 
COUNTY SCHOOL SYSTEM; ) 
JEREMIAH MARQUIS THOMAS; ) 
JIMMIE FRYER; B. P., a minor, by ) 
and through his father and next ) 
friend, CHRIS ALLEN PETTIT; and ) 
D. S., a minor, by and through his ) 
father and next friend, DARRELL ) 
SIMS, ) 
 ) 
 Defendants. ) 

 ORDER 

 Before the court is Plaintiffs’ Opposed Motion for Leave to File a Third 
Amended Complaint in which Plaintiffs “seek to clarify their theories of liability and 
the underlying facts of this case.” (Doc. # 57, at 1.) For the reasons to follow, the 
motion is due to be granted. 
 This action arises from an incident of student-on-student violence at 
Wedowee Elementary School in Randolph County, Alabama. As alleged, two 
students—Defendants B.P. and D.S.—physically attacked and later threatened to kill 
Plaintiff F.V., while Defendant Jeremiah Marquis Thomas, the teacher in charge of 

supervising the students, was on his phone. (Doc. # 47, at 3–4.) F.V. suffered 
physical and psychological injuries, and his fear of B.P. and D.S. became such that 
his mother Amber Vargas removed him from school. (Doc. # 47, at 4.) 

 F.V., by and through his mother, sued B.P., D.S., Thomas, Principal Jimmie 
Fryer, the Randolph County Board of Education (“RCBOE”), and the Randolph 
County School System (“RCSS”) in an Alabama state court. RCBOE removed this 
case to the United States District Court for the Middle District of Alabama on 

February 27, 2020. The operative Second Amended Complaint (Doc. # 47) contains 
nine counts under state and federal law. Thomas, Fryer, and RCBOE have moved 
to dismiss the claims against them (Docs. # 52, 53), and those motions are pending. 

 Preemptively, Plaintiffs have moved to amend the Second Amended 
Complaint. Some of the proposed amendments are for stylistic or clarity purposes 
(e.g., substituting “Defendants RCBOE and RCSS” for “such Defendants,” inserting 
“F.V.” after “Plaintiff” in several lines of text, and renumbering paragraphs to 

account for deleted paragraphs). (See Doc. # 57-2, at 1–3.) However, some of the 
proposed amendments are substantive and address pleading deficiencies that 
Defendants point out in their pending motions to dismiss. For example, the proposed 

Third Amended Complaint clarifies that F.V. is “of Hispanic race or national origin” 
(see Doc. # 57-2, at 3), allegations that are necessary to sustain Count V (a Title VI 
claim alleging a hostile educational environment based on F.V.’s national origin, see 

42 U.S.C. § 2000d). (See Doc. # 53, at 9–10.) The following language also has been 
added to Count V: “On information and belief, RCBOE and RCSS are ‘recipients’ 
of Federal financial assistance, as defined under 42 U.S.C. § 2000d et seq.” (Doc. 

# 57-2, at 4.) The proposed Third Amended Complaint also incorporates the 
following italicized language, presumably to address Thomas and Fryer’s arguments 
pertaining to their lack of knowledge of the alleged bullying: 
 B.P. and/or D.S. bullied F.V. from late 2017 until August 30, 2018, and 
 afterward at Wedowee Elementary School or on the bus and Defendants 
 RCBOE, RCSS, Jeremiah Thomas and Jimmie Fryer collectively had 
 actual and/or constructive knowledge of B.P.’s and/or D.S.’s 
 continuing practice of bullying F.V. 

(Doc. # 57-2, at 6.) As a final illustration, the proposed Third Amended Complaint 
removes its predecessor’s Count VII, which is titled “Municipal Liability” (Doc. 
# 47, at 13–14). 
 Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court should freely 
give leave to a party to amend its pleading “when justice so requires.” Fed. R. Civ. 
P. 15(a)(2). Courts “may consider several factors when deciding whether to grant a 
motion to amend, including ‘undue delay, bad faith or dilatory motive [on the part 
of the movant], repeated failure to cure deficiencies by amendments previously 

allowed, undue prejudice to the opposing party by virtue of allowance of the 
amendment, [and] futility of amendment.” Perez v. Wells Fargo N.A., 774 F.3d 
1329, 1340–41 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 

(1962)). “[U]nless there is a substantial reason to deny leave to amend, the discretion 
of the district court is not broad enough to permit denial.” Burger King Corp. v. 
Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (citation omitted). 

 The court finds no reason to deny leave to amend. First, allowing F.V.’s 
amendment would not cause undue delay. Full discovery has not commenced, and 
a scheduling order has not yet been entered. Second, there is no suggestion that F.V. 
seeks the amendment in bad faith. Third, while there have been prior amendments, 

two were prior to removal and the post-removal amendment, which had Defendants’ 
consent, merely omitted fictitious party defendants and corrected an allegation 
relating to service of process for one of the minor defendants. (Doc. # 41.) Fourth, 

the court finds that permitting the amendment will not cause Defendants undue 
prejudice. Fifth, the amendments, considered in their totality, are not futile, as they 
remove one of the counts and also seek to tighten the allegations. 
 Based on the foregoing, the court will permit Plaintiffs to file a Third 

Amended Complaint, with the following qualifications. First, Plaintiffs have not 
demonstrated that they have perfected service on RCSS, and, according to RCBOE, 
RCSS “is not an actual entity.” (See, e.g., Doc. # 53, at 1.) A Third Amended 

Complaint, without the naming of RCSS, will be permitted. Second, Plaintiffs 
should carefully reexamine each claim as to each Defendant, especially in light of 
Defendants’ prior arguments for dismissal, to ensure the sufficiency of their pleading 

to survive a motion to dismiss as a future preemptive motion to amend will not be 
viewed favorably. 
 Accordingly, it is ORDERED that Plaintiffs’ Motion for Leave to File a Third 

Amended Complaint (Doc. # 57) is GRANTED. On or before January 14, 2021, 
Plaintiffs shall electronically file the Third Amended Complaint in compliance with 
the directives in this Order. 
 It is further ORDERED that, pursuant to Rule 15(a)(3) of the Federal Rules 

of Civil Procedure, Defendants are permitted fourteen days after service of the Third 
Amended Complaint to file an answer or other appropriate motion. Defendants are 
permitted to incorporate by reference arguments, if applicable, from their earlier 

filed motions without having to repeat them. 
 It is further ORDERED that the motions to dismiss the Second Amended 
Complaint (Docs. # 52–53) are DENIED as moot. 
 DONE this 7th day of January, 2021. 

 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE